1 | ACKERMANN & TILAJEF, P.C.
Craig J. Ackerman (SBN 229832)
2 | cja@ackermanntilajef.com
Sam Vahedi (SBN 282660)
3 | cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
4 | Los Angeles, California 90035
Telephone: (310) 277-0614
5 | Facsimile: (310) 277-0635

6 | MELMED LAW GROUP P.C.
Jonathan Melmed (SBN 290218)
7 | jm@melmedlaw.com
1180 South Beverly Drive, Suite 610
8 | Los Angeles, California 90035
Telephone: (310) 824-3828
9 | Facsimile: (310) 862-6851

10 | *[Additional Counsel on Next Page]*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RICHARD FOWLER and RICK HOLLIS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation; and DOES 1-50, <br><br> Defendants. | **Case No: 5:17-CV-02451 JGB (SPx)** <br><br> **JOINT STIPULATION FOR LEAVE TO FILE PLAINTIFFS' FIRST AMENDED COMPLAINT** |

WINSTON LAW GROUP, P.C.
David S. Winston, Esq. (SBN 301667)
david@employmentlitigators.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Phone: (424) 288-4568
Fax: (424) 532-4062

*Attorneys for Plaintiffs, the Putative Classes and the Aggrieved Employees*

JONES DAY
Amanda C. Sommerfeld (SBN 185052)
asommerfield@jonesday.com
555 South Flower Street, Fiftieth Floor
Los Angeles, California 90071-2300
Phone: (213) 489-3939
Fax: (213) 243-2539

JONES DAY
Koree Blyleven (SBN 294489)
kblyleven@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121
Phone: (858) 314-1200
Fax: (844) 345-3178

*Attorneys for Defendant*

This stipulation is entered between Plaintiffs Richard Fowler and Rick Hollis ("Plaintiffs") and Defendant Union Pacific Railroad Company ("Defendant") (collectively, the "Parties"), by and through their counsel of record as follows:

### I. RECITALS

1. WHEREAS, on November 6, 2017, Plaintiffs Rick Fowler and Rick Hollis filed their class action complaint against Defendant Union Pacific Railroad Company in San Bernardino Superior Court;

2. WHEREAS, a true and correct copy of that Complaint as filed in San Bernardino Superior Court as Case No. CIVDS 1722014 is attached hereto as **Exhibit A** (the "Fowler Complaint");

3. WHEREAS, the Fowler Complaint alleged five causes of action, individually and/or on a class or representative basis for (1) failure to pay separately and hourly for rest break time (Labor Code §§ 1194 and 1194.2); (2) failure to pay non-compliant rest break premiums (Labor Code § 226.7; IWC Wage Order No. 9, § 12); (3) waiting time penalties for late final wages (Labor Code §§ 201-203); (4) Unfair Competition Claims based on causes of action 1-2 (Bus. & Prof. Code §§ 17200 *et seq.*); and (5) PAGA penalties based on causes of action 1-2 (Labor Code § 2699 *et seq.*;

4. WHEREAS, apparently due to a mistake of Plaintiffs' court service, Defendant was not served with **Exhibit A** but was served instead with a hodge-podge of documents that mimicked or reflected portions of the complaint in the case of *Hollis v. Union Pacific Railroad Company*, San Bernardino Case No. CIVDS 1721907, a PAGA representative and class action against Defendant alleging only (1) wage statement violations under Labor Code §226(a), (e) and 226.3 and (2) PAGA penalties derivative of the wage statement claims, a true and correct copy of the Hollis Complaint is attached as **Exhibit B** and was attached to Defendant's Notice of Removal. See Docket No. 1, Exhibit A thereto (page 11 *et seq.*);

5. WHEREAS, Defendant removed both the Fowler Complaint and the Hollis

Complaint to federal court, and these matters are now pending as Case No. 5:17-CV-2451 (the "Fowler Matter") and Case No. 5:17-CV-2449 (the "Hollis Matter")[1];

6.    WHEREAS, in order to rectify the mistake of Plaintiff's court service in serving the incorrect Complaint in the Fowler Matter, the parties have agreed to stipulate to Plaintiff's filing of an Amended Complaint in the Fowler Matter that is substantially identical to the Fowler Complaint filed in state court, but that conforms that Complaint to be consistent with the federal rules (i.e., alleging claims under Rule 23 instead of Civil Code §382 (the state version of Rule 23), and otherwise conforms the venue and jurisdictional allegations to be appropriate to federal court;

7.    WHEREAS, a true and correct redlined copy of the revised Fowler Complaint, that Plaintiff intends to file, with the Court's permission, and with redlines, is attached hereto as **Exhibit C**;

8.    WHEREAS, Defendant has no objection to the filing of this First Amended Complaint by Plaintiffs to clean up the error of the court service.

NOW, THEREFORE, THE PARTIES STIPULATE AS FOLLOWS:

## II.    STIPULATIONS

1.    Pursuant to Fed.R.Civ.P. 15(a)(2) and Local Rule 15, Plaintiffs hereby seek leave to file the attached First Amended Complaint, a true and correct copy of which (with redlines accepted) attached hereto as **Exhibit D** and Defendant consents to the filing of this First Amended Complaint attached as **Exhibit D**.

2.    The Parties stipulate and agree that the Fowler Complaint was filed in state court on November 6, 2017, and therefore, all allegations and causes of action alleged in the First Amended Complaint shall relate back to the November 6, 2017 filing and

---

[1] Prior to filing suit, the Parties attended two mediations in an effort to resolve these cases. Although no settlement was reached the Parties continued negotiating over the Hollis matter and have reached a tentative agreement to resolve those cases on a class and representative basis. The parties are currently finalizing a long-form agreement o resolve the Hollis federal matter, and, among other things, are discussing when Plaintiff will seek approval for the settlement in federal court. The Parties have concluded that no settlement is likely in the pending Fowler federal matter, and they will continue to litigate that matter in federal court regardless of the outcome of the Hollis settlement.

Complaint.

3. The Parties further stipulate and agree that Defendant will file an Answer to the First Amended Complaint within the time period provided by Fed.R.Civ.P. 15(a)(3).

4. The Parties jointly stipulate that the Court has jurisdiction over the First Amended Complaint for the same reasons stated in Defendant's Notice of Removal, and in the First Amended Complaint itself.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, that the Plaintiffs shall be permitted to file their First Amended Complaint without leave of Court, and that the First Amended Complaint relates back to the date of the original filing of the complaint in state court. Additionally, Defendant will file an answer to the First Amended Complaint within the time period provided by Fed.R.Civ.P. 15(a)(3) and that the Court has jurisdiction over the First Amended Complaint for the reasons stated in Defendant's Notice of Removal and in the First Amended Complaint itself.

**IT IS SO STIPULATED.**

Dated: December 21, 2017         ACKERMANN & TILAJEF, P.C.

By: _____
   CRAIG J. ACKERMANN
   Attorney for Plaintiffs and the Proposed Classes

Dated: December 21, 2017         MELMED LAW GROUP P.C.

By: /s/Jonathan Melmed
   JONATHAN MELMED
   Attorney for Plaintiffs and the Proposed Classes

Dated: December 21, 2017         WINSTON LAW GROUP, P.C.

By: /s/David Winston
   DAVID S. WINSTON
   Attorney for Plaintiffs and the Proposed Classes

Dated: December 21, 2017    JONES DAY

By: /s/Amanda C. Sommerfeld
    Amanda C. Sommerfeld
    Attorney for Defendant

Dated: December 21, 2017    JONES DAY

By: /s/Koree Blyleven
    Koree Blyleven
    Attorney for Defendant

- 7 -
JOINT STIPULATION FOR LEAVE TO FILE PLAINTIFFS' FIRST AMENDED COMPLAINT

**Local Rule 5-4.3.4 Attestation**

Pursuant to Local Rule 5-4.3.4(a)(2), I can attest that all of the signatories listed above concur in this filing's contents and have authorized the filing of this document and the proposed Order filed herewith.

/s/Craig Ackermann_____

Craig Ackermann