ACKERMANN & TILAJEF, P.C.
Craig J. Ackerman (SBN 229832)
cja@ackermanntilajef.com
Sam Vahedi (SBN 282660)
cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone:   (310) 277-0614
Facsimile: (310) 277-0635

MELMED LAW GROUP P.C.
Jonathan Melmed (SBN 290218)
jm@melmedlaw.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 824-3828
Facsimile: (310) 862-6851

WINSTON LAW GROUP, P.C.
David S. Winston, Esq. (SBN 301667)
david@employmentlitigators.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Phone: (424) 288-4568
Fax: (424) 532-4062

*Attorneys for Plaintiffs, the Putative Classes and the Aggrieved Employees*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RICHARD FOWLER and RICK HOLLIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation; and DOES 1-50,<br><br>Defendants. | **Case No: 5:17-CV-02451 JGB (SPx)**<br><br>FIRST AMENDED CLASS ACTION & REPRESENTATIVE ACTION complaint FOR:<br>**(1) Failure to pay separately and hourly rest break time (Labor Code §§ 1194 and 1194.2);**<br>**(2) Failure to Pay Non-Compliant Rest Break Premiums (Labor Code §§ 226.7; IWC Wage Order No. 9, § 12);**<br>**(3) Waiting Time Penalties (Labor Code §§ 201-203);**<br>**(4) UCL Violations (Bus. & Prof. Code §§ 17200 *et seq.*);**<br>**(5) PAGA Penalties (Labor Code §§ 2699, *et seq.*; 558); and**<br><br>**<u>DEMAND FOR JURY TRIAL FOR THE CLASS CLAIMS</u>** |

Plaintiffs RICHARD FOWLER and RICK "RICKY" HOLLIS ("Plaintiffs"), on behalf of themselves and all others similarly situated (hereinafter "Class Members"), and on behalf of all other Aggrieved Employees, complain and allege as follows:

## OVERVIEW OF CLAIMS

1.      Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a class action, as a representative action, and on behalf of the California general public, against Defendant UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation, and DOES 1-10 ("Defendant")[1] for Defendant's (a) failure to provide paid rest periods to its employees who were paid on a "piece rate", who are or were employed by Defendant as, *inter alia*, conductors and engineers and who are or were paid, in part, on a "per trip" basis, during the Class Period from May 13, 2013 through the present and on-going (the "Rest Break Class")[2]; (b) failure to pay rest period premiums of one hour of pay per shift for not having provided Plaintiffs and the Rest Break Class with separate and hourly paid rest periods; (c) failure to pay all wages on a timely basis, or at all, on separation of Defendant's former employees in California upon their separation of employment from Defendant; and (d) penalties pursuant to California's Private Attorney Generals Act based on the foregoing violations.  Plaintiffs' claims for waiting time penalties are brought on behalf of Defendant's employees whose employment with Defendant ended at any time from May 13, 2014 through the present and on-going (the "Waiting Time Penalty Class").  Plaintiffs further brings claims under California's UCL for the Class based on the foregoing, and seek penalties pursuant to PAGA based on the foregoing.

---

[1] Any reference to "Defendant" in this Complaint in singular form is also a reference to all Defendants, including DOES 1-50.

[2] The Parties had entered into a tolling agreement that tolls Plaintiffs' claims and Defendant's defenses as of May 13, 2018, prior to the Parties attendance at two mediations.

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

**JURISDICTION**

2.     This court has jurisdiction over Plaintiffs' claims for unpaid wages, premiums, and penalties arising from Defendant's unlawful business practices under California's Unfair Competition law ("UCL"), Business & Professions Code §§ 17203 and 17204 and over Plaintiffs' Labor Code claims through diversity jurisdiction under the Class Action Fairness Act ("CAFA") as set forth in 42 U.S.C. § 1332(d).

**VENUE**

3.     Venue is proper in the Central District because Defendant operates *inter alia* in San Bernardino County and San Bernardino County is within the Central District. Aggrieved employees were employed and/or performed work during the Class Period by Defendant throughout California including within the Central District. Many of the acts alleged herein including Defendant's failure to pay separately and hourly for rest break time, its failure to pay non-compliant rest break premiums, and its late payment of final wages occurred throughout California including in San Bernardino County and in the Central District. Venue is therefore proper in the Central District.

**THE PARTIES**

4.     Defendant UNION PACIFIC RAILROAD COMPANY is a Delaware Corporation, and one of the largest railroad companies in the United States, operating over 32,000 miles of railroad track across 23 states. Defendant employs over 40,000 employees across the country with an annual payroll of $4.1 billion, operates 8,500 locomotives and serves over 10,000 customers. In California, Defendant operates 3,291 miles of railroad track and employs more than one thousand (1000) employees with an annual payroll of $414.3 million. Specifically, in California, Defendant serves the agricultural central valley, the Port of Oakland, Barstow, Needles, Bloomington, the San Francisco Bay Area and the Los Angeles Metropolitan Area including Los Angeles' two major ports in Los Angeles and Long Beach.  At any one time during the Class Period, Defendant employs over 900 through-freight employees.  The number of individuals in the Rest Break Class is estimated to be several thousand employees.  The number of

First Amended Class Action AND REPRESENTATIVE ACTION Complaint

individuals in the Waiting Time Penalty Class is estimated to be several thousand employees.

5.      Plaintiffs Hollis and Fowler are California residents who were employed by Defendant during the statutory time period for the Class claims alleged herein and who earned, in whole or in part, wages based on a "piece rate." Venue is proper in the Central District because based upon information and belief, Defendants operated trains that Plaintiffs worked on and/or out of yards in Bloomington, California in San Bernardino County.   Plaintiff Hollis was employed by Defendant during the statutory period for the PAGA claims alleged herein, and seeks to act as a representative for all Aggrieved Employees in addition to the Class. Throughout their employment, Defendant's employees paid on a trip-rate (i.e. a piece rate) including Plaintiffs, were not paid separately and hourly by Defendant for their time spent on rest periods, as required by California law as set forth in IWC Wage Order No. 9, Section 12 and Labor Code sections 226.7, and were thus not provided with compliant rest periods.  In addition, Plaintiffs received their final paychecks late and not upon their termination or separation of employment as required by Labor Code sections 201-203; moreover, they never received their wages owed for rest periods either during their employment or upon termination, providing an additional and independent basis for waiting time penalties.

6.      The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiffs, who sue such Defendants by fictitious names under Central District of California, Local Rule 19-1. Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated as DOES when such identities become known. Plaintiffs are further informed and believes, and based thereon allege, that each of the Defendants acted in all respects pertinent to this action as agents of the other DOE defendants,

1    carried out a joint scheme, business plan or policy in all respects pertinent hereto, and

2    the acts of each Defendant are legally attributable to the other Defendants.

3                      **GENERAL FACTUAL ALLEGATIONS**

4          7.     Throughout the Class Period, Defendant's employees paid on a trip rate

5    have all been governed by the same basic compensation plan and common policies.

6    These plans demonstrate that during the Class Period, Defendant compensated Rest

7    Break Class Members on a piece-rate formula that consisted of a "trip rate" basis, which

8    Defendant describes as a "sum of money that compensates employees for all of the work

9    associated with making a particular trip, or run, between two terminals."

10         8.     The "trip rate" formulas were calculated with various components such as

11   mileage, run arounds, terminal delays, payments in lieu of meal periods, and

12   deadheading. In addition to the flat "trip rate," Rest Break Class members earned

13   additional compensation (on top of the trip rate) for certain specified working time or

14   activities including: (1) waiting for lodging facilities; (2) waiting for transport after

15   expiration of Hours of Service; (3) road switches conversion; (4) meal allowance away

16   from home; (5) switching cars; and (6) away from home terminal payments.

17         9.     Significantly, the additional compensation (on top of the flat "trip rate")

18   failed to include any additional or separate hourly pay for rest break time in California.

19   Therefore, Defendant never paid Rest Break Class Members hourly or separately for rest

20   periods that are supposed to be provided on the schedule of 10 minutes per every 4 hours

21   of work, or major fraction thereof, where practicable, as required by California law.

22   Although Defendant's policies permitted Rest Break Class Members to engage in

23   "Napping" under certain conditions, there was no hourly and separate pay for "napping

24   periods." Defendant's "rest periods" provided to Rest Break Class Members were all

25   non-compliant under California law because they are and were unpaid, since they were

26   taken without Rest Break Class Members receiving, or being advised of their eligibility

27   for, separate and hourly pay.

28         10.    As provided for by California law, as set forth in IWC Wage Order No. 9,

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

Section 12, Rest Break Class Members are and were entitled to paid rest periods every four hours (or major fraction thereof) worked during the Class Period. *See,* IWC Wage Order No. 9, Section 12 ("Every employer shall authorize and permit all employees to take rest periods ... The authorized rest period time shall be based on the total hours worked daily at the rate often (10) minutes net rest time per four (4) hours or major fraction thereof ... Authorized rest period time shall be counted as hours worked ..."); Contrary to California law, Rest Break Class Members were not separately compensated for their rest periods.

11.    In addition to not paying separately and hourly for rest periods, in violation of Labor Code sections 226.7 and 1194, Defendant through its policy of not paying separately and hourly for rest periods also violated Labor Code §§ 226.7 and Section 12 of IWC Wage Order No. 9 by failing to pay Rest Break Class Members rest break premiums of one hour of pay for each day that a compliant rest period was not provided to the Rest Break Class.

12.    As a result of these violations, Defendant failed to pay all wages due to Waiting Time Class Members upon termination or separation of employment of those Waiting Time Class Members who departed from their employment with Defendant during the relevant period from May 13, 2014 to the present in violation of Labor Code §§ 201-203.  In addition to this violation, Defendant also violated Labor Code section 201-203 for many of its departing employees in California - not just its piece rate employees - insofar as it routinely failed to disburse final paychecks whose sums were known and not in dispute, including the last paychecks due to departing employees and/or their vacation pay due, immediately on termination or within 72 hours of the resignation of departing employees pursuant to Labor Code §§ 201-202.  Indeed, on information and belief, many former employees in the Waiting Time Penalty Class who are identifiable from Defendant's records received their final pay on an untimely basis, thereby triggering waiting time penalty claims of one day's wages for each day that the final wages were delayed beyond the statutory deadlines.  As noted, all Rest Break Class

Members are members of the Waiting Time Class by virtue of not having received their rest period pay upon separation, or at all.  Many other former employees of Defendant in California are also members of the Waiting Time Class because, like Plaintiffs, they received their final paychecks or accrued vacation on an untimely basis, which was a widespread illegal practice adopted by Defendant that occurred independently of Defendant's failure to pay Rest Break Class Members for their rest period time or to pay rest period premiums during their employment, or ever.

13.    As a result of Defendant's actions described herein, Defendant has engaged in "unfair business practices" as defined in Bus. & Prof. Code §§ 17200-17210 *et seq.*

14.    Moreover, Plaintiff Hollis seeks PAGA penalties for each of the violations alleged herein on behalf of the Aggrieved Employees.

## CLASS ACTION ALLEGATIONS

15.    Plaintiffs bring this action, on behalf of themselves and all others similarly situated, as a class action pursuant to Federal Rule of Civil Procedure 23.  Plaintiffs seeks to represent the following "Classes" composed of and defined as:

**a.** The "Rest Break Classes":

(1) All current and former employees of Union Pacific Railroad Company who (1) worked a shift greater than 3.51 hours in California, and who were paid in whole or in part on a "trip rate" basis at any time from May 13, 2013 through the date that the Court certifies this Class. ("Rest Period Class");

(2) All current and former employees of Union Pacific Railroad Company who were California residents, and who were paid in whole or in part on a "trip rate" basis and who worked a shift greater than 3.51 hours in California" from May 13, 2013 through the date that the Court certifies this Class. ("California Resident Rest Period Subclass");

(3) All current and former employees of Union Pacific Railroad Company who worked the majority of at least one pay period (at least 50.1%) in California, and were paid in whole or in part on a "trip rate" basis and who worked a shift greater than 3.51 hours in California at any time from May 13, 2013 through the date that the Court certifies this

Class. ("California Rest Period Subclass");

(collectively the Rest Period Class, California Rest Period Subclass, and California Resident Rest Period Subclass may be collectively referred to as the "Rest Break Class(es)").

**b.** The "Waiting Time Penalty Classes":

(4) All employees of Union Pacific Railroad Company whose employment with Union Pacific Railroad Company ended at any time from May 13, 2014 through the date the Court certifies this Class who worked at least one shift in California. ("Former Employee Class");

(5) All employees of Union Pacific Railroad Company whose employment with Union Pacific Railroad Company ended at any time from May 13, 2014 through the date the Court certifies this Class who worked the majority of at least one pay period in California. ("California Former Employee Subclass");

(6) All California-resident employees of Union Pacific Railroad Company whose employment with Union Pacific Railroad Company ended at any time from May 13, 2014 through the date the Court certifies this Class who did not receive all wages due within at the time or termination and/or within 72 hours of the resignation of their employment. ("California Resident Former Employee Subclass");

(7) All employees of Union Pacific Railroad Company who worked the majority of at least one pay period in California and who were paid on a piece rate whose employment with Union Pacific Railroad Company ended at any time from May 13, 2014 through the date the Court certifies this Class. ("Former Piece Rate Employee Subclass");

(8) All California-resident employees of Union Pacific Railroad Company who were paid on a piece rate and whose employment with Defendant Union Pacific Railroad Company ended at any time from May 13, 2014 through the date the Court certifies this Class. ("California Resident Former Piece Rate Employee Subclass"); and

(9) All employees of Union Pacific Railroad Company who worked the majority of at least one pay period in California and who were paid on a piece rate from May 13, 2014 through the date the Court certifies this Class. ("California Majority Former Employee Subclass").

(collectively the Former Employee Class, California Former Employee Subclass, California Resident Former Employee Subclass, Former Piece Rate Employee Subclass, California Resident Former Piece Rate Employee Subclass, and California Majority

Former Employee Subclass be collectively referred to as the "Waiting Time Penalty Class(es)").

16.     This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure 23 because the elements of Rule 23(a) and Rule 23(b)(3) are met, and Plaintiffs are proper representatives of the Classes:

**a.   Numerosity**: The potential members of the Classes as defined are so numerous and so diversely located throughout California, that joinder of all the members of the Classes are impractical. Plaintiffs are informed and believe that Defendant has employed several thousand individuals in each of the Classes and subclasses during the Class Period who were subject to Defendant's unlawful policies. The Class and Subclass Members are so numerous that joinder of all members of the proposed Class and Subclass is therefore not practicable.

**b.   Commonality and Predominance**: There are questions of law and fact common to Plaintiffs and the Classes they seek to represent that predominate over any questions affecting only individual members of the Classes. These common questions of law and fact include, without limitation:

i.   Whether Defendant violated Section 12 of IWC Wage Order No. 9, Labor Code section 226.7, and applicable California law, by failing to provide separately and hourly paid rest breaks to members of the Rest Break Classes, including Plaintiffs, for their shifts in California during the Class Period;

ii.   Whether Defendant violated sections 1194 and 1194.2of the Labor Code by failing to pay Rest Break Class Members, including Plaintiffs, separately and on an hourly basis for their time spent on their rest breaks in California during the Class Period;

iii.   Whether Defendant violated Labor Code section 226.7 failing to pay one hour of rest break premium pay per day to Plaintiffs and the other Rest Break Class Members for each day that a separately paid rest break was not provided to them during the Class Period;

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

iv.   Whether Defendant violated Labor Code Section 203 by failing to pay Waiting Time Penalty Class members all wages due to them on a timely basis, or at all, upon their separation of employment from Defendant;

v.   Whether Defendant engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to pay members of the Rest Break Class separately and on an hourly basis for their time spent on rest breaks during the Class Period;

vi.   Whether Defendant engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to provide separately and hourly paid rest breaks to members of the Rest Break Class in violation of Section 12 of IWC Wage Order No. 9;

vii.   Whether Class Members are entitled to restitution under Business and Professions Code § 17200;

viii.   Whether Defendant is obligated to comply with California law as set forth in IWC Wage Order No. 9, section 12 and Labor Code section 226.7; and

ix.   The nature and extent of class-wide damages and the proper formula(s) for calculating damages, interest, and restitution owed to the Class Members;

c.   **Typicality:** Plaintiffs' claims or defenses are typical of the claims or defenses of the Classes. Both Classes and Subclasses and their Members, including Plaintiffs, sustained injuries and damages, and were deprived of property rightly belonging to them, arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein, in identical ways insofar as they were never provided separately and hourly paid rest periods and/or never paid rest period premiums for not having been provided separately and hourly paid rest periods.

d.   **Adequacy of Representation:** Plaintiffs are members of the Classes that they seek to represent and they will fairly and adequately protect the interests of the Classes and Class Members. Plaintiffs' interests do not conflict with those of Classes and Class Members. Moreover, Class Counsel are competent and experienced in litigating

large wage and hour class actions, including numerous cases virtually identical to this one (involving over 150 piece-rate class action cases asserting claims under Labor Code Section 226.7 and the cases codified by that provision), and will devote sufficient time and resources to the case and otherwise adequately represent the Classes and Class Members. Plaintiffs' counsel possess sufficient financial resources and experience to service as Class Counsel in this case for purposes of settlement and/or trial.

      **e.  <u>Predominance and Superiority of Class Action</u>:** The common legal and factual issues here as to the legality of Defendant's uniform compensation predominate over any individual issues and can be resolved in one fell swoop, making class adjudication appropriate. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Classes. Each Class Member has been damaged or may be damaged in the future by reason of Defendant's unlawful policies and/or practices. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because it allows for efficient and full disgorgement of the ill-gotten gains Defendant has enjoyed by maintaining its unlawful compensation policies, and will thereby effectuate California's strong public policy of protecting employees from deprivation or offsetting of compensation earned in their employment. If this action is not certified as a Class Action, it will be impossible as a practical matter, for many or most Class Members in both Classes to bring individual actions to recover monies unlawfully withheld from their lawful compensation due from Defendant's, due to the relatively small amounts of such individual recoveries relative to the costs and burdens of litigation.

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

# FIRST CAUSE OF ACTION
## FAILURE TO PAY SEPARATELY & HOURLY FOR REST BREAKS
[Cal. Labor Code §§ 1194; 1194.2]
*On Behalf of Plaintiffs and the Rest Break Class, Against Defendant*

17.    Each and every allegation set forth in the preceding paragraphs is hereby re-alleged and incorporated herein by reference.

18.    The actionable period for this cause of action is May 13, 2014 through the present, and on-going until the violations are corrected, or the Rest Break Class is certified.

19. Section 1194 of the Labor Code provides, in relevant part:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage...applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage..., including interest thereon, reasonable attorney's fees, and costs of suit.

20. Section 1194.2 of the Labor Code provides, in relevant part:

> In any action under ... Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

21.    Under California law, employees paid on a piece-rate basis in California must be provided rest periods that are paid for separately and hourly. *See*; *Bluford v. Safeway Stores, Inc.*, 216 Cal. App. 4th 864, 872 (2013), *reh'g denied* (June 18, 2013), *review denied (*Aug. 28, 2013) ("*Bluford*") ("rest periods must be separately compensated in a piece-rate system. Rest periods are considered hours worked and must be compensated.") (*citing Armenta v. Osmose, Inc.* 135 Cal.App.4th 314, 323 (2005).

22.    As set forth above, Defendant failed to provide any paid rest breaks to the Rest Break Class during the Class Period from which there was no deduction of wages. Accordingly, during the Class Period, these Rest Break Class Members did not receive paid rest breaks.

- 11 -

23.     In failing to pay Rest Break Class Members for their time spent on rest periods separately particularly after the issuance of the Court of Appeals' decision in *Bluford v. Safeway Stores, Inc.*, (2013) 216 Cal. App. 4th 864, 872-73, Defendant caused harm to the Rest Break Class Members and operated in bad faith given the cases. Accordingly, pursuant to sections 1194 and 1194.2 of the California Labor Code the Class Members are entitled to recover, either their unpaid hourly wages due, and/or minimum wage plus liquidated damages in an additional amount equal to the total amount of wages unlawfully withheld during the Class Period for their rest period time.

24.     Pursuant to section 1194.2 of the Labor Code, the Rest Break Class Members are also entitled to recover interest, costs, and attorneys' fees associated with this cause of action.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE COMPLIANT PAID REST BREAKS OR REST BREAK PREMIUMS
[Cal. Labor Code §§ 226.7 & Section 12, IWC Wage Order No. 9]
*On Behalf of Plaintiffs and the Rest Break Class, Against Defendant*

25.     Each and every allegation set forth in the preceding paragraphs is hereby re-alleged and incorporated herein by reference.

26.     California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

27.     Section 12 of IWC Wage Order No. 9 provides:

"(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. *Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages*." (emphasis added).

28.     Courts have interpreted Section 12 of the applicable Wage Order to mean

that employees paid on a piece-rate must receive separate and hourly pay for their time spent on rest breaks. *See, e.g., Bluford v. Safeway Stores, Inc*., (2013) 216 Cal. App. 4th 864, 872-73 ("Thus, contrary to Safeway's argument, a piece-rate compensation formula that does not compensate separately for rest periods does not comply with California minimum wage law.").

29.     As alleged herein, by failing to provide its Rest Break Class Members paid on a piece-rate with paid rest periods of 10 minutes for each 4 hours of work, Defendant has violated California Labor Code § 226.7 from May 13, 2014, and is liable to the Rest Break Class for damages in the amount of no less than one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant failed to provide drivers with paid rest periods as required by California law.

### THIRD CAUSE OF ACTION
**WAITING TIME PENALTIES FOR FAILURE TO PAY WAGES DUE ON TERMINATION**
[Cal. Labor Code §§ 201-203]
*On Behalf of Plaintiff Hollis and the Waiting Time Penalty Class, Against Defendant*

30.     Each and every allegation set forth in the preceding paragraphs is hereby re-alleged and incorporated herein by reference.

31.     Sections 201 and 202 of the California Labor Code require Defendant to pay all compensation due and owing to former drivers in the Waiting Time Class during the actionable period for this cause of action at or around the time that their employment is or was terminated, or ended.

32.     Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

33.     Defendant willfully failed to pay members of the Waiting Time Penalty Class (i.e. those members of the class whose employment with Defendant ended during the actionable period for this cause of action) who are no longer employed by Defendant

for, without limitation, their time spent on statutory rest breaks and for rest break premiums prior to or upon termination or separation from employment with Defendant as required by California Labor Code §§ 201 and 202.  In addition, as noted, Defendant adopted a widespread practice of not paying final pay and/or accrued vacation pay due on the date of termination or within 72 hours of resignation and/or at the time of termination, in violation of California law, giving rise to an independent class-wide violation of Labor Code section 203 for the Waiting Time Penalty Class members who did not receive their final pay on a timely basis.

34.     The sums that Defendant failed to pay to Plaintiff Hollis and the other members of the Waiting Time Penalty sums were certain at the time of their termination and/or within 72 hours of their resignation.

35.     Defendant is this liable to these members of the Waiting Time Penalty Class who are no longer employed by Defendant for waiting time penalties amounting to thirty (30) days wages for each such Class member whose employment ended from May 13, 2016 to the present, pursuant to California Labor Code § 203. See, DLSE Manual, 4.3.4 (Failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties).

## FOURTH CAUSE OF ACTION
### UNFAIR COMPETITION LAW VIOLATIONS
[Bus. & Prof Code § 17200 *et seq.*]
*On Behalf of Plaintiffs and the Classes, Against Defendant*

36.     Each and every allegation set forth in the preceding paragraphs is hereby re-alleged and incorporated herein by reference.

37.     Section 17200 of the California Business & Professions Code prohibits any unlawful, unfair, or fraudulent business practices. Business & Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of himself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

38.     Under section 17208 of the California Business and Professions Code, the statute of limitations for a claim under Section 17200 is four years. Accordingly, the actionable period for this cause of action is ordinarily four years prior to the filing of this Complaint through the present, and on-going until the violations are corrected, and/or the Classes are certified.   However, as noted, Plaintiffs here entered into a tolling agreement with Defendant; as a result, the actionable period for this cause of action is from May 14m, 2013 through the present.

39.     Labor Code § 90.5(a) states that it is the public policy of California to enforce vigorously minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

40.     As a direct and proximate result of Defendant's unlawful business practices, all Class Members have suffered economic injuries. Defendant has profited from its unlawful, unfair, and/or fraudulent acts and practices.

41.     Members of the Classes are entitled to monetary relief pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid wages due and interest thereon, at rates specified by law, and for unpaid rest period premiums, from May 14, 2013 through the present. Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Class Members, from whom they were unlawfully taken.

42.     Through its actions alleged herein, Defendant has engaged in unfair competition within the meaning of section 17200 of the California Business & Professions Code, because Defendant's conduct, as herein alleged has damaged the Class members by wrongfully denying them wages due for their time spent on rest periods, and therefore was substantially injurious to the Class members.

43.     Defendant engaged in unfair competition in violation of sections 17200 et seq. of the California Business & Professions Code by violating sections 226.7 and

1194, of the California Labor Code, and Section 12 of the IWC Wage Order No. 9.

44.     Defendant's course of conduct, act and practice in violation of the California laws mentioned above constitute independent violations of sections 17200 et seq. of the California Business and Professions Code, and Class Members are entitled to recover all wages and premiums owed pursuant to Business & Professions Code § 17202.

45.     Plaintiffs have assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of himself and other similarly situated Class Members previously or presently employed by Defendants in California. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiffs will incur a financial burden in pursuing this action in the public interest. Therefore, an award of reasonable attorneys' fees is appropriate pursuant to Code of Civil Procedure §1021.5.

## FIFTH CAUSE OF ACTION
### PAGA PENALTIES
[Labor Code §§ 2698-2699.5 & 558]
*On Behalf of Plaintiff Hollis and the Aggrieved Employees*

46.     Each and every allegation set forth in the preceding paragraphs is hereby re-alleged and incorporated herein by reference.

47.     Plaintiff Hollis, on behalf of himself and all Aggrieved Employees, brings this representative action pursuant to Labor Code § 2699, et seq. seeking civil penalties for Defendant's violation of each of the above-referenced California labor laws. Based upon the foregoing, Plaintiff Hollis and all Aggrieved Employees are "Aggrieved Employees" within the meaning of Labor Code §2699, et seq.

48.     For purposed of this Complaint, "Aggrieved Employee" shall mean any member of the Classes who worked for Defendant within the state of California from May 8, 2016 through the present.

49.     Plaintiff Hollis has completely exhausted his administrative remedies under

PAGA prior to proceeding with this action. On May 8, 2017, Plaintiff Hollis filed a PAGA Notice online with the Labor Workforce Development Agency ("LWDA") on behalf of all Aggrieved Employees, including Plaintiff, and sent a letter by certified mail to Defendant setting forth the facts and theories of the violations alleged against Defendants, as prescribed by Labor Code § 2698 et seq. As required by PAGA, the filing fees were duly submitted. Pursuant to Labor Code § 2699.3(a)(2)(A), no notice will have been or was received by Plaintiff from the LWDA evidencing its intention to investigate the additional claims alleged within the Amended PAGA Notice within sixty-five (65) calendar days of the postmark date of the PAGA Notice. Plaintiff is therefore, entitled to commence and proceed with a civil action pursuant to Labor Code § 2699.

50.     Moreover, Plaintiffs and Defendant entered into a "Tolling Agreement," whereby they agreed to the tolling of the statute of limitations for all of the causes of action alleged herein from the date of the PAGA Notice.

51.     The Aggrieved Employees are all current and former employees of Defendant who were employed in California and who were not paid separately and hourly for their time spent taking rest breaks, were not paid premiums for non-compliant rest breaks, and did not receive all final wages on a timely basis or at all, from one year prior to the submission of Hollis's letter to the LWDA. The Aggrieved Employees period and suffered the Labor Code violations alleged herein; specifically, violations of §§ 1194, 1194.2, 201, 202, 203, 204, and 226.7 of the Labor Code.

52.     Plaintiff Hollis was employed by Defendant and assigned to work in California during the one year preceding the submission of a PAGA Notice to the LWDA. As such, he seeks to recover, on behalf of himself and all other current and former Aggrieved Employees of Defendant, the civil penalties provided by PAGA and Labor Code sections 226.3 and 558.

53.     Plaintiff Hollis also seeks to recover PAGA civil penalties through a representative action as permitted by PAGA. Therefore, class certification of this claim is neither required nor sought. *Mendoza vs. Nordstrom, Inc.* 2017 Cal. Lexis 3171 (Cal.

Supreme Court May 8, 2017) ("PAGA authorizes a representative action without the need for class certification."); *Arias v. Superior* Court, 46 Cal.4th 969 (2009). Therefore, class certification hereby of the PAGA claims is not required; *Brown v. Wal-Mart Stores, Inc.*, 651 Fed. Appx. 672 (9th Cir. Cal. 2016) (holding that PAGA "does not require individualized penalty inquiries that would defeat the commonality or predominance requirements that would defeat the commonality or predominance requirements for purposes of class certification.").

54.     Plaintiff Hollis seeks to recover the PAGA civil penalties through a representative action as permitted by PAGA and the California Supreme Court in *Arias v. Superior Court* (2009), 46 Cal.4th 969. Therefore, class certification hereby of the PAGA claims is not required.

55.     Through PAGA and to the extent permitted by law, Plaintiff Hollis further seeks penalties pursuant to Labor Code § 558 for Defendant's unlawful practices detailed above. In accordance with Labor Code § 558, the Aggrieved Employees are entitled to no less than penalties for the initial violation in the amount of fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages and for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Wages recovered under Labor Code § 558 shall be paid to the affected employee. *See Thurman v. Bayshore Transit Mgmt., Inc*. 203 Cal. App. 4th 1112 (2012).

56.     The Aggrieved Employees are entitled to statutory penalties under PAGA in addition to the damages set forth above for their violation of each of the above-described statutes.

## JURY DEMAND

57.     Plaintiff hereby demands trial by jury of his and the Class's claims against Defendant.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves, the Aggrieved Employees, and the members of the Classes, pray for judgment against Defendant as follows:

1.     That this action be certified as a class action, Plaintiffs be appointed as the representative of the Classes; and counsel for Plaintiffs be appointed as Class Counsel.

2.     For such general, special and liquidated damages as may be appropriate, including all damages alleged above;

3.     For the premiums owed to the Rest Break Class under Labor Code § 226.7(b);

4.     For restitution of unpaid minimum wages and liquidated damages to the Rest Break Class, pursuant to Labor Code sections 1194 and 1194.2;

5.     For amounts under Labor Code § 203 for Plaintiffs and all Waiting Time Penalty Class Members;

6.     For restitution as described in the cause of action under Business & Professions Code §§ 17200 *et. seq*. above;

7.     For a Declaratory judgment that Defendant violated above-listed Labor Code sections;

8.     For pre-judgment interest on the unpaid wage claims;

9.     For costs of suit herein, including attorney's fees, according to proof at trial, pursuant to California law, including Labor Code section 1194 and PAGA;

10.     For the amounts provided for in Labor Code § 558;

11.     For civil penalties under applicable law and pursuant to California Labor Code §§ 2699(a) and 558;

12.     For any and all other applicable statutory penalties, as provided by law; and

1    13.    For any other and further relief as the Court deems just and proper.

2

3    Dated: December 21, 2017          ACKERMANN & TILAJEF, P.C.

4

5                                      By:_____
6                                          CRAIG J. ACKERMANN
                                           Attorney for Plaintiff and the Proposed
7                                          Classes

     Dated: December 21, 2017          MELMED LAW GROUP P.C.
8

9
                                       By: /s/Jonathan Melmed
10                                         JONATHAN MELMED
                                           Attorney for Plaintiff and the Proposed
11                                         Classes

12
     Dated: December 21, 2017          WINSTON LAW GROUP, P.C.
13

14
                                       By: /s/David Winston
15                                         DAVID S. WINSTON
                                           Attorney for Plaintiff and the Proposed
16                                         Classes

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

## **Local Rule 5-4.3.4 Attestation**

Pursuant to Local Rule 5-4.3.4(a)(2), I can attest that all of the signatories listed above concur in this filing's contents and have authorized the filing of this document and the proposed Order filed herewith.

/s/Craig Ackermann_____

Craig Ackermann