**ACKERMANN & TILAJEF, P.C.**
Craig J. Ackerman, CA Bar No. 229832
cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

**WINSTON LAW GROUP, P.C.**
David S. Winston, Esq. CA Bar No. 301667
david@employmentlitigators.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Phone: (424) 288-4568
Fax: (424) 532-4062

[Additional Counsel on Next Page]

Attorneys for Plaintiff and the Settlement Class

IN THE DISTRICT COURT OF THE UNITED STATES

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD FOWLER and RICK HOLLIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation; and DOES 1-50,<br><br>Defendants. | CASE NO.: 5:17-CV-02451-JGB (SPx)<br><br>**ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: January 7, 2019<br>Time: 9:00 a.m.<br>Judge: Hon. Jesus G. Bernal<br><br>Complaint filed: November 6, 2017<br>Date of Removal: December 6, 2017<br><br>**NOTE CHANGES MADE BY COURT** |

- 1 -
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**MELMED LAW GROUP P.C.**
Jonathan Melmed (SBN 290218)
jm@melmedlaw.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 824-3828
Facsimile: (310) 862-6851

Attorneys for Plaintiff and the Settlement Class

The Court, having considered Plaintiff Rick Hollis' ("Plaintiff") unopposed Motion for Final Approval of Class Action Settlement between Plaintiff and Defendant Union Pacific Railroad Company ("Defendant"),[1] and Plaintiff's Motion for Attorneys' Fees and Costs, and good cause appearing therefore, hereby **GRANTS** final approval of the parties' Joint Stipulation of Settlement and Release of Class Action Claims (the "Settlement")[2] and further **GRANTS** Plaintiff's Motion for Fees and Costs as set forth below and **ORDERS AND MAKES THE FOLLOWING FINDINGS AND DETERMINATIONS:**

1. The Court has personal jurisdiction over all Participating Class Members and Defendant, and the Court has subject matter jurisdiction to approve the Settlement (including all Exhibits thereto).

2. The Settlement, including the definitions applicable to the Settlement, is incorporated by reference into this Order. All terms used in this Order, unless otherwise defined, shall have the same meanings given those terms in the Settlement.

3. The Court finds that the Settlement was reached after arm's-length negotiations between the Parties, including two full-day mediation sessions; the proposed Settlement was concluded only after counsel for the Parties had conducted adequate informal discovery and investigation; and the Settlement of this action, as embodied in the terms of the Settlement, is finally approved as fair, reasonable, adequate and consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law, and in the best interests of the Parties and the Class Members.

4. For the purpose of settlement, the Court finally certifies the following "Class":

> Plaintiff and the approximately 1,200 former employees of Defendant Union Pacific Railroad Company and who (a) had California taxes withheld

---

[1] Plaintiff and Defendant are collectively referred to as the "Parties."
[2] The Settlement is in the Court's record as Exh. A, Dkt. No. 36-1.

from their pay at the time of their termination or resignation, (b) were terminated or resigned while working in California, (c) whose employment ended between May 13, 2014 through July 23, 2018 (the date of preliminary approval) (the "Class Period"), (d) who received their last pay check from Union Pacific either (1) after their last day of employment if they were terminated or gave 72 hours of notice of the end of their employment or (2) where they resigned without at least 72 hours notice, more than 72 hours after their last date of employment with Union Pacific.

5. The above Class consisting of 1,199 Participating Class Members is certified for settlement purposes[3], and the certification should not be construed as an admission by Defendant with respect to any of the allegations made against it by or on behalf of the members of the Class.

6. The Court confirms Plaintiff Rick Hollis as the Class Representative.

7. The Court confirms Craig J. Ackermann, Sam Vahedi, and Avi Kreitenberg of Ackermann & Tilajef, P.C., Jonathan Melmed of Melmed Law Group P.C., and David Winston of Winston Law Group, P.C. as counsel for the Class (collectively "Class Counsel").

8. The Court previously appointed Simpluris, Inc. as the Settlement Administrator, and confirms that appointmenmt.

9. The Court finds that:

   a. the above-described Class contains members so numerous that the joinder of all of them is impracticable;

   b. there are questions of law or fact common to the Class;

   c. the claims of the Plaintiff are typical of the claims of the Class that Plaintiff seeks to represent; and

   d. the Plaintiff and Class Counsel have fairly and adequately protected the interests of the Class.

---

[3] The sole individual who timely opted-out, Scott Burns, is not part of the Class and shall not be subject to the Class Release.

10. The Court finds that the escalated Gross Settlement Amount of $192,000 is fair and reasonable. The Parties and their counsel are ordered to implement and to consummate the Settlement according to its terms and provisions.

11. The Notice and the notice methodology implemented pursuant to the Settlement (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of this action, their right to participate in, object to or exclude themselves from the proposed Settlement and their right to appear at the Final Settlement Hearing; (iii) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules Civil Procedure, the United States Constitutions (including the Due Process Clauses), and any other applicable law. No Class Members submitted objections to the Settlement as part of this notice process, only one Class Member requested exclusion from the settlement[4], and no Class Members submitted a written statement of intention to appear at the Final Approval Hearing.

12. The terms of the Settlement and this Order and Final Judgment are binding on Plaintiff and all other Participating Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata*, collateral estoppel and all other preclusive effect in all pending and future claims, lawsuits or other proceedings (governmental, administrative, regulatory or otherwise), including all forms of alternative dispute resolution, maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that have been raised in this Action as provided by the Settlement. One Class Member timely excluded himself from the Class, so all other Class Members who did not

---

[4] The name of the individual who requested exclusion from the settlement is Scott Burns.

request exclusion from the Settlement are bound by the Release of Defendant and the other released parties set forth in the Settlement Agreement.

13. In accordance with the Settlement, as of the Effective Date (as defined in the Settlement), Plaintiff and all Class Members are deemed to have conclusively released Defendant and its present and former parent companies, subsidiaries, divisions, affiliates, related companies, joint ventures, and each of their respective present and former officers, directors, shareholders, agents, employees, insurers, attorneys, accountants, auditors, advisors, representatives, consultants, pension and welfare benefit plans, plan fiduciaries, administrators, trustees, general and limited partners, predecessors, successors and assigns (the "Released Parties"), from all claims and causes of action asserted in the Action for Defendant's failure to pay wages due on termination in violation of California Labor Code sections 201-203, PAGA penalties based on the underlying alleged waiting time violations pursuant to Labor Code sections 2698-2699.5, as well as any other related Claims that have been, or could have been, raised regarding or relating to Defendant's liability for waiting time penalties from May 13, 2014 through July 23, 2018 against Defendant Union Pacific Railroad Company and the Released Parties.

14. The Court finds that all notice requirements of the Class Action Fairness Act ("CAFA") have been satisfied.

15. The Court grants a Class Representative Service award of $3,000 to the Plaintiff. This request is justified in light of the fact that, among other things, Plaintiff spent numerous hours conferring with Class Counsel, reviewing documents, gathering evidence, attending two mediations, entered into a general release, Plaintiff's efforts resulted in a favorable result for the Class, and the Class did not oppose the request. The Service Award is not disproportionate to the maximum settlement amount. The Class Representative Service Award will be paid to Plaintiff in accordance with the terms of the Settlement.

16. The Court grants Plaintiff's motion for attorneys' fees and costs in the amount of $28,800.00 in fees (15% of the escalated GSA) and costs in the amount of $5,000.00. The requested attorneys' fees are justified in light of, among other things, the following facts: (1) Class Counsel vigorously prosecuted this case and achieved a favorable result for the Class; (2) the legal issues were somewhat complex; (3) the Class did not oppose the request; and (4) the amount sought is reasonable when considered against Class Counsel's actual lodestar. The award is granted, and the attorneys' fees and costs shall be paid by Defendant to Class Counsel in accordance with the terms of the Settlement.

17. The $13,000.00 designated for payment to Simpluris, Inc., the Settlement Administrator, is fair and reasonable. The Court grants final approval of, and orders the Parties to make the payment to the Settlement Administrator in accordance with the Settlement.

18. The Court approves the allocation of $3,510 of the Settlement as payment for penalties under the California Labor Code Private Attorney Generals Act ("PAGA"), and further approves of payment of $2,632.50 to the Labor and Workforce Development Agency for its portion of the PAGA penalties pursuant to Cal. Labor Code sections 2698-2699.

19. In the event that a Settlement check cannot be delivered to a Class Member, or a Class Member does not cash a Settlement checks after the events and deadlines set forth in Section VII(7) of the Settlement, then the Settlement Administrator shall redistribute the amount associated with the checks in accordance with California Code of Civil Procedure section 384.

//
//
//

20. Final Judgment is hereby entered based on the Parties' settlement agreement. The Court retains jurisdiction, however, to enforce the terms of the Settlement Agreement, and ensure that its terms and this Order are carried out.

IT IS SO ORDERED, ADJUDGED, AND DECREED.

Dated: January 8, 2019

_____
THE HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT COURT JUDGE